Mark Punzalan (SBN: 247599)
markp@punzalanlaw.com
Herbert T. Patty (SBN: 255502)
herbertp@punzalanlaw.com
PUNZALAN LAW, P.C.
600 Allerton Street
Redwood City, California 94063
Tel: 650.362.4150
Fax: 650.362.4151

*Attorneys for Plaintiffs*
*Alta Tseng and Jessica Corbin*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTA TSENG; and JESSICA CORBIN, <br><br> Plaintiffs, <br><br> v. <br><br> A&E TELEVISION NETWORKS, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **Trademark Infringement Under the Federal Lanham Act (15 U.S.C. § 1125);** <br><br> 2. **Trademark Infringement Under State Law (California Business and Professions Code § 14245)** <br><br> 3. **Trademark Infringement at Common Law; and** <br><br> 4. **Unlawful, Unfair, and Fraudulent Business Practices in Violation of California Business & Professions Code § 17200** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

COMPLAINT

Plaintiffs Alta Tseng and Jessica Corbin ("Plaintiffs") bring this action against Defendant A&E Television Networks, LLC ("Defendant") for trademark infringement and false designation of origin under federal law, trademark infringement under state law, and trademark infringement and unfair competition at common law, seeking, among other things, damages, and injunctive relief.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 28 U.S.C. §1338(a). The Court has jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. §1367(a).

2. The Court has personal jurisdiction over Defendant because Defendant sells and markets infringing goods and services in this District.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of this action is situated, in this district as Plaintiffs' principal place of business is in San Francisco, California.

## PARTIES

4. Plaintiffs are the co-founders of Fempire, LLC, and now operate the company as a general partnership. Plaintiffs' primary place of business is in San Francisco, California. Plaintiffs own federal registrations for FEMPIRE marks with U.S. Federal Registration Nos. 307369, 3314135, 3604295, and previously 3617534. Plaintiffs have used the FEMPIRE mark in United States commerce continuously since at least as early as March 2004.

5. Defendant is a Delaware Limited Liability Company with its primary place of business at 235 E. 45th St., New York, New York 10017. Defendant owns and operates cable television channels, including Lifetime Television, a network that targets women with a variety of lifestyle and entertainment content. Defendant advertises and sells cable TV content and related services under the marks "FEMPIRE" or "THE FEMPIRE."

**PLAINTIFFS AND THEIR TRADEMARKS**

6. In 2004, Plaintiffs co-founded a company under the brand name FEMPIRE, and this. company marketed goods and services to a target audience of women ages 18 to 49, with an emphasis on promoting urban women's culture. Plaintiffs advertised and marketed a diverse segment of goods and services under the FEMPIRE brand, and the company's marketing theme was to encourage female empowerment and promote women's culture and trends. Since 2004, Plaintiffs have used the FEMPIRE brand through the following segments:

A. FEMPIRE Online and Social Network: an online multimedia magazine that provides content for women, and a series of social networks allowing the company's audience and community to interact online;

B. FEMPIRE Productions: a production services company with curated and online content and services for young, professional women between the ages of 18 and 49;

C. FEMPIRE Apparel: Clothing, merchandise, and apparel that promotes the company goals of female empowerment.

D. FEMPIRE Publishing – The production of publications relevant to the company's female audience.

7. For over twelve years, Plaintiffs have promoted these goods and services under the FEMPIRE marks through the United States on websites, promotional events and sponsorships, in print media, online publications, and through television networks. Plaintiffs' FEMPIRE marks have also been highlighted and discussed in numerous media publications. Plaintiffs' FEMPIRE brand has also been frequently mentioned by consumers, retailers, and media outlets on social media platforms for more than twelve years. Plaintiffs' FEMPIRE brand is also used to market a popular blog that discusses issues relevant to women: http://thefempire.com/.

8. Plaintiffs own federal trademark registrations for its FEMPIRE marks: U.S. Federal Registration Nos. 307369, 3314135, 3604295, and previously 3617534. Registration Nos. 307369, 3314135, and 3604295 are now "incontestable" under the Lanham Act, and thus "conclusive evidence" of Plaintiffs' "exclusive right" to use this mark for its goods and services in United States

commerce. 15 U.S.C. §§ 1065, 1115(b).  Plaintiffs' registrations cover, among other goods and services, entertainment services, audio recording, production, and distribution, digital content, and websites. Since 2005, Plaintiffs have owned and operated websites at http://thefempire.com and http://fempireproductions.com featuring original and curated audio and video productions.

9. Plaintiffs also own common law rights to the FEMPIRE marks due to its use of those marks for its services continuously for more than twelve years.  Plaintiffs' FEMPIRE marks are inherently distinctive, have acquired distinctiveness since 2004, and are recognized as designating entertainment services exclusively from Plaintiffs.

**DEFENDANT'S USE OF THE FEMPIRE MARKS**

10. Defendant is a media company that owns and runs Lifetime Channel ("Lifetime"), a cable television channel that features programming geared toward women.  In April 2016, Defendant announced a spate of television programming on Lifetime called "FEMPIRE" or "THE FEMPIRE."  Similar to Plaintiffs' use of the marks, Defendant markets Lifetime's FEMPIRE programming as "dedicated to entertaining and engaging the next generation of feminists by creating content for women, by women, and about women."

11. Defendant's FEMPIRE programming also includes shows whose content focused on female employment and "strong, complicated characters who stand up for themselves and refuse to be disqualified, and are overcoming the same obstacles our audience [i.e., women] faces every day." Defendant continues to sell and market entertainment services under the FEMPIRE marks.

12. Moreover, similar to Plaintiffs' social media segment, Defendant announced that its FEMPIRE brand would be used as a "place where women come to share videos and conversations, connect with friends, learn new things and most importantly, be entertained."  Moreover, Defendant's online community includes a blog that uses the name FEMPIRE and provides news, current events, and content for women: http://www.mylifetime.com/blog/fempire-diaries. Defendant's online community and blog is substantially similar to Plaintiffs' online community and FEMPIRE blog: http://thefempire.com/.

1  13. On May 6, 2016, Plaintiffs sent Defendant a letter demanding that it cease use all of use of the FEMPIRE marks. Defendant sent Plaintiffs a response letter on May 12, 2016 and refused to discontinue its use of the FEMPIRE marks.

14. Plaintiffs' FEMPIRE marks and Defendant's "FEMPIRE" and "THE FEMPIRE" marks are nearly identical in sight, sound, meaning, and commercial impression. The parties' goods and services are identical with respect to Defendant's entertainment services for women and highly related with respect to Defendant's audio recording, production, distribution, digital content, and website services for women. Defendant's use of FEMPIRE services is likely to cause consumer confusion, deception and mistake with regard to Plaintiffs and Plaintiffs' FEMPIRE marks.

15. The public is likely to believe that Defendant's good and services are affiliated or connected with, or endorsed, sponsored, approved, licensed or manufactured by, Plaintiffs and Plaintiffs' services under the FEMPIRE marks. Indeed, since April 2016, Plaintiffs have been contacted by members of the public who believed that Defendant's FEMPIRE cable programming was affiliated with Plaintiffs. As such, the similarity between the marks has already resulted in widespread customer confusion. Such incidents of customer confusion are becoming more frequent, damaging Plaintiffs' business and diluting their branding.

16. Defendant has actual knowledge of Plaintiffs' mark, and of the likelihood of confusion between the parties' marks, by virtue of Plaintiffs' cease and desist letter on May 6, 2015, to which Defendant responded on May 12, 2016. But Defendant continues to use the FEMPIRE marks and has publicly announced plans to expand such use. As such, Defendant is deliberately infringing Plaintiffs' marks, and Plaintiffs are being irreparably injured by Defendant's unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I

**Trademark Infringement Under the Federal Lanham Act (15 U.S.C. § 1125)**

17. Plaintiffs incorporate by reference and reallege each and every allegation above as though fully set forth herein.

18. Plaintiffs own common law marks for FEMPIRE for entertainment, social media, and online services. The above-described use by Defendant of the FEMPIRE mark in connection with entertainment services constitutes trademark infringement and false designation of origin, under Title 15 of the United States Code, Section 1125(a), as to the goods and services that Defendant offered or sold in interstate commerce. Among other things, Defendants' use of the FEMPIRE mark causes a likelihood of confusion, mistake, and deception with Plaintiffs and Plaintiffs' FEMPIRE mark and thus constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a).

19. As a result, Plaintiffs have been damaged, and unless Defendant is enjoined, will continue to be irreparably damaged.

20. Defendant committed the above-described acts willfully, and under the circumstances of this case, the Court should award a multiplier of damages of up to three times under Title 15 of the United States Code, Section 35. This is also an exceptional case under that Section 35, thereby entitling Plaintiffs to their attorneys' fees.

## COUNT II

### Trademark Infringement Under State Law

### (California Business and Professions Code § 14245)

21. Plaintiffs incorporate by reference and reallege each and every allegation above as though fully set forth herein.

22. Plaintiffs own common law and federally registered marks for FEMPIRE.

23. Defendant's promotion and sale of goods and services under the FEMPIRE marks causes a likelihood of confusion, mistake, and deception with Plaintiffs and Plaintiffs' FEMPIRE mark and thus constitutes trademark infringement and unfair competition under California common law.

24. Defendant's conduct is irreparably injuring Plaintiffs. Plaintiffs have no adequate remedy at law.

25. The above-described use by Defendant of the mark FEMPIRE in connection with entertainment services constitutes trademark infringement under California Business and Professions Code Section 14245. Among other things, Defendants' use of the mark FEMPIRE is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and Plaintiffs' services.

26. As a result, Plaintiffs have been damaged, and unless Defendant is enjoined, will continue to be irreparably damaged.

27. In doing the things described here, Defendant acted with malice, oppression, and fraud, as defined in Civil Code section 3294(c), and willfully and with the intent to cause injury to Plaintiffs. Defendant is therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of Plaintiffs, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar conduct.

## COUNT III

### Trademark Infringement at Common Law

28. Plaintiffs incorporates by reference and reallege each and every allegation above as though fully set forth herein.

29. The above-described use by Defendant of the mark FEMPIRE in connection with entertainment, online, and social media services constitutes trademark infringement at common law. Among other things, Defendants' use of the mark FEMPIRE is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and Plaintiffs' services.

30. The above-described use by Defendant of the mark FEMPIRE in connection with entertainment services permits Defendant to misappropriate and unfairly trade upon the valuable goodwill and reputation of Plaintiffs and will subject the goodwill and reputation in Plaintiffs' FEMPIRE mark to the hazards and perils attendant upon the business activities of Defendant (and each of them), activities over which Plaintiffs have no control.

31. As a result, Plaintiffs have been damaged, and unless Defendant is enjoined, will continue to be irreparably damaged.

32. In doing the things described here, Defendant acted with malice, oppression, and fraud, as defined in Civil Code section 3294(c), and willfully and with the intent to cause injury to Plaintiffs. Defendant is therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of Plaintiffs, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar conduct.

## COUNT IV
### Unlawful, Unfair, and Fraudulent Business Practices in Violation of California Business & Professions Code § 17200

33. Plaintiffs reallege and incorporate by reference all paragraphs above, as though fully set forth in this cause of action.

34. The Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, prohibits any "unlawful, unfair or fraudulent business practice…" Section 17203 provides that "[a]ny person who engages, has engaged or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."

35. By these actions described herein, Defendant engaged in unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq. As a result, Plaintiffs have suffered and will continue to suffer damage to its business, reputation, and goodwill.

36. Defendant has engaged in unlawful and unfair business practices within the meaning of California Business & Professions Code § 17200, *et seq.* by virtue of the misconduct alleged herein. As a result of Defendant's actions and omissions, Plaintiffs have suffered injury-in-fact and have lost money or property.

37. Defendant's unlawful practices include, but are not limited to, the violations of trademark infringement discussed herein.

38. Defendant's business practices are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and or substantially injurious to Plaintiffs. The justification for Defendant's conduct is outweighed by the gravity of the

consequences to Plaintiffs. Defendant can provide no adequate justification for its wrongful conduct.

39. Defendant's business practices are fraudulent because members of the public are likely to be deceived by Defendant's conduct.

40. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek equitable and injunctive relief and disgorgement of all ill-gotten gains as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court award:

A. Damages against Defendant, including without limitation in the amount of its profits and compensatory damages for the injuries sustained by Plaintiffs, directly or indirectly, in consequence of the acts and omissions described herein, according to proof at trial;

B. An injunction preliminarily and permanently enjoining Defendant, its directors, officers, partners, owners, employees, agents, affiliated or otherwise related companies, suppliers, customers, successors and assigns, and all those in active concert or having knowledge of the causes of action, from:

  1. Using any mark comprised of including the term FEMPIRE (or any visual, phonetic, or foreign-language equivalent of FEMPIRE) in connection with any entertainment services; or

  2. Using any trade practices, including without limitation those complained of herein, which tend to unfairly compete with or injure Plaintiffs, its business, and the goodwill pertaining thereto.

C. For treble damages under 15 U.S.C. § 1117(b) and for exemplary or punitive damages as may be allowed by law;

D. Plaintiffs' reasonable attorneys' fees and costs; and

E. Such other and further relief as the Court deems just and proper.

//

//

DATED: June 30, 2016                    PUNZALAN LAW, P.C.

                                        By: /s/ *Mark Punzalan*
                                            Mark Punzalan
                                            Herbert T. Patty

                                        *Attorneys for Plaintiffs*
                                        *Alta Tseng and Jessica Corbin*